PEATROSS, J.
|2In this insurance coverage dispute, Plaintiff Anita Pattra Chretien appeals the summary judgment of the trial court finding as a matter of law that Marlowe Thomas, the driver of a vehicle involved in an automobile accident with Plaintiff, was not an insured under a commercial garage policy. For the reasons stated herein, we affirm.

FACTS

On May 4, 2007, Marlowe Thomas was involved in an automobile accident with Plaintiff Anita Pattra Chretien. Thomas was driving a “loaner” truck owned and provided to him by Blakey Auto Plex, LLC (“Blakey”). The course of events leading up to the accident are as follows. Earlier *300 that day, Thomas brought a Grey Ford F-350 Crew Cab to Blakey for service. Apparently, Blakey believed that the grey truck was owned by Thomas’ [^employer, Horton Construction Company (“Horton”). The grey truck was actually owned by Thomas’ girlfriend, Temica Lowe, and was listed as a covered vehicle under a policy issued by Allstate Insurance Company (“Allstate”). Thomas resided with Lowe and had express permission to drive the grey truck.
Blakey provided Thomas with a Red Ford F-350 Crew Cab to drive while the grey truck was being serviced, desiring that Thomas show the red truck to his employer as a potential purchase from Bla-key. Stonington Insurance Company (“Stonington”) provided commercial garage coverage to Blakey. The garage policy excluded coverage for customers of Bla-key if the customer had other insurance available.
As stated, Thomas was involved in an accident with Plaintiff while driving the red “loaner” truck. Plaintiff sued, inter alia, Thomas, Blakey, Stonington and Allstate for damages she sustained in the accident. Cross motions for summary judgment were filed on the issue of coverage of both the Stonington and Allstate policies. Stonington sought summary judgment declaring that there was no coverage under its garage policy because Thomas was a customer of Blakey and had other insurance available under the Allstate policy. As previously stated, the tidal court granted summary judgment in favor of Stonington and Plaintiff appeals.

\ ¿DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern, the district court’s consideration of whether summary judgment is appropriate. Elliott v. Continental Cas. Co., 06-1505 (La.2/22/07), 949 So.2d 1247. When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy’s terms. On the other hand, the insurer bears the burden of proving the applicability of an exclusionary clause within a policy. Broadmoor Anderson v. National Union Fire Ins. Co. of Louisiana, 40,096 (La.App.2d Cir.9/28/05), 912 So.2d 400, unit denied, 05-2462 (La.3/24/06), 925 So.2d 1239.
Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Elliott, supra, citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Elliott, supra. The parties’ intent, as reflected by [sthe words of the policy, determines the extent of coverage. Id. Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Where the language in the policy is clear, unambiguous and expressive of the intent of the parties, the agreement must be enforced as written. Id. If, however, after applying the other rules of construction an ambiguity remains, the ambiguous provi *301 sion is to be construed against the drafter and in favor of the insured. Id.
The purpose of liability insurance is to afford the insured protection from damage claims. Policies, therefore, should be construed to effect, and not to deny, coverage. Thus, a provision which seeks to narrow the insurer’s obligation is strictly construed against the insurer; and, if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. It is equally well settled, however, that, subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public 1 fipolicy. Elliott, supra, citing Commercial Union Insurance Co. v. Advance Coating Co., 351 So.2d 1183 (La.1977).
The rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers, for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties. Elliott, supra; Commercial Union Insurance Co., supra. Thus, for summary judgment to be warranted, there must be no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Elliott, supra.
The limiting provision in the commercial garage policy issued by Stonington to Blakey is a commonly found provision that expressly excludes customers of an automobile dealership in its definition of an insured, unless the customer does not have liability insurance of his own or is statutorily underinsured. Alexander v. Cornett, 42,147 (La.App.2d Cir.7/11/07), 961 So.2d 622, writ denied, 07-1681 (La.11/2/07), 966 So.2d 603. In addition, La. R.S. 22:1291[1] provides that the driver’s personal liability policy is primary in “test drive” circumstances at auto dealerships and these garage ^policies are designed to meet the minimum liability insurance requirements under the state’s compulsory insurance law by providing liability insurance in cases where the driver is uninsured or underin-sured.
In the case sub judice, there is no disagreement that Thomas is an insured under the policy that Lowe had with Allstate. He was listed as a resident and had Lowe’s express permission to drive the vehicle. Likewise, as the trial judge pointed out, there is no dispute that the Allstate policy was primary. Since Thomas did have other available coverage, this case turns on the sole issue of whether or not Thomas was a customer of Blakey. Plaintiff argues on appeal that Thomas is not a “customer” as contemplated in the policy limitation because he was not the owner of the grey truck and was not the purchaser of the services provided by Blakey. Plaintiff further points out that Horton, not Thomas, was invoiced by Blakey for the services provided on the truck. Plaintiff argues that either Horton or Lowe might be customers of Blakey, but the common meaning of the term “customer” should not be expanded to include Thomas. We disagree. Thomas delivered the grey truck to Blakey and requested that the truck be serviced. Thomas accepted from Blakey a “loaner” vehicle to drive while *302 the services were completed. Thomas clearly falls within the class of persons defined as “customers” for the purposes of the clear and unambiguous limiting provision in the | ¡jStonington garage policy. See McKay v. W & J Farms, 45,284 (La.App.2d Cir.5/9/10) 86 So.3d 1157, writ denied, 10-1363 (La.9/24/10), 45 So.3d 1078, and cases cited therein. Thus, Thomas is not an insured and the trial court properly granted summary judgment finding no coverage under the Stonington policy.

CONCLUSION

For the foregoing reasons, the summary judgment in favor of Stonington Insurance Company is affirmed. Costs of this appeal are assessed to Plaintiff Anita Pattra Chretien.
AFFIRMED.

. Renumbered from R.S. 22:671 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009. Added by Acts 1988, No. 756, § 1. Amended by Acts 1997, No. 1060, § 1.